Pearson, C. J.
 

 The purchase money of one-half of the land, to which the petitioner was entitled, was secured by the bond of Whitaker, with Selby as surety, and also by the title which was retained as additional security.
 

 We do not concur in the position taken on the part of the defendant, that the order made at Fall Term, 1860, That the Clerk and Master deliver the bond to the guardian of the petitioner, so modified the former order, as to direct the Clerk and Master to make title to the defendant before the bond was paid. In the absence of an order in express terms to that effect, we cannot suppose that it was the intention of the court to relinquish one of the securities, and leave the infant, whose interest was under the protection of the court, to depend on the security of the bond alone. Upon what ground could the defendant ask that one of the securities ■which the court held, should be relinquished ? He paid nothing, and put nothing in its stead.
 

 There being no order for the Clerk and Master to make title, his deed was irregular and invalid, and the petitioner
 
 *79
 
 is entitled still to look to the land as a security for the price which the defendant undertook to pay, and which he has failed to pay.
 

 The idea that the guardian, in prejudice of his ward’s interest, could relinquish the security of the land and authorize title to be made, cannot be entertained for a moment. Nor can the suggestion, that the defendant and his surety are able to pay the amount of the bond, and if not, that the petitioner may resort to tbe bond of his guardian, avail any thing in the face of the fact, that the defendant has the land of the petitioner, but has not paid for it. This court will see that be specifically performs his contract.
 

 The petitioner is entitled to the relief prayed for.
 

 Pbr Curiam.
 

 Decree accordingly.